1

2

3

4

5

6

7    # UNITED STATES DISTRICT COURT

8

9    ## EASTERN DISTRICT OF CALIFORNIA

10

11

12   RONALD F. MARTINEZ,                    CASE NO.    1:11-cv-2103-LJO-MJS (PC)

13              Plaintiff,                  ORDER DISMISSING PLAINTIFF'S
                                           COMPLAINT, WITH LEAVE TO AMEND,
14        v.                               (ECF No. 1)

15   P. TAPIA, et al.,
                                           AMENDED COMPLAINT DUE WITHIN
16              Defendants.                 THIRTY DAYS

17

18   _____/

19

20

21        Plaintiff Ronald Martinez ("Plaintiff") is a state prisoner proceeding pro se and in

22   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

23        Plaintiff initiated this action on December 21, 2011.  (Compl., ECF No. 1.)  His

24   Complaint is now before the Court for screening.  No other parties have appeared.

25        The Court finds that Plaintiff's Complaint fails to state a claim.

26   I.   **SCREENING REQUIREMENT**

27        The Court is required to screen complaints brought by prisoners seeking relief

28   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

-1-

1 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
2 raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
3 relief may be granted, or that seek monetary relief from a defendant who is immune from
4 such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
5 thereof, that may have been paid, the court shall dismiss the case at any time if the court
6 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
7 granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

8   A complaint must contain "a short and plain statement of the claim showing that the
9 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
10 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
11 mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.
12 Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
13 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is
14 plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).
15 Facial plausibility demands more than the mere possibility that a defendant committed
16 misconduct and, while factual allegations are accepted as true, legal conclusions are not.
17 Id. at 1949-50.

18 **II.** **SUMMARY OF PLAINTIFF'S COMPLAINT**

19   Plaintiff is a state prisoner currently confined at Salinas State Prison.  It appears that
20 the events alleged in his Complaint occurred at California Substance Abuse Treatment
21 Facility and State Prison in Corcoran, California ("SATF").  Plaintiff brings this action under
22 the First Amendment for illegal retaliation by the following individuals: 1) P. Tapia,
23 correctional officer at SATF, 2) M. White, correctional officer at SATF, 3) R. Perez,
24 correctional officer at SATF, and 4) M. Ramirez, correctional officer at SATF.

25   Plaintiff asks for a declaratory judgement, $20,000 in compensatory damages,
26 $20,000 in punitive damages, trial by jury, and costs.

27   Plaintiff's allegations are as follows:

28   In January and February 2010, Defendants Tapia and White intentionally delayed,

-2-

1   and thereby shortened, Plaintiff's limited law library sessions even though they knew he
2   was litigious and needed all allotted time. (Compl. at 6.)  Defendants Tapia and White
3   sometimes made excuses for the delays, but according to Plaintiff these excuses were not
4   credible because Defendants were able to escort inmates to medical appointments in a
5   timely manner. (Id. at 7.)  Plaintiff spoke with his Men's Advisory Council ("MAC") member
6   regarding the delays.  (Id. at 8.))  In addition, on numerous occasions Defendants Tapia
7   and White, and sometimes Perez and Ramirez, eavesdropped on Plaintiff's 602 inmate
8   interviews and/or proceedings in his Southern District cases.  (Compl. at 7.)

9        On March 10, 2010, Plaintiff filed a staff misconduct 602 against Defendants Tapia
10  and White based on their delaying his access to the law library. (Compl. at 10.)   (Id.)
11  Thereafter, Defendants White, Tapia, Perez, and Ramirez started retaliating against him.
12  (Id.)

13       After the 602 was filed, Defendant Tapia told Plaintiff's MAC representative that
14  Plaintiff should not pursue his 602. (Compl. at 10.)  On April 1, 2010 Defendant Tapia shut
15  the power off in Plaintiff's section and threatened to keep it off until radio volume on a radio
16  was lowered . (Id.)  Defendant Tapia turned the power back on for all but Plaintiff's and
17  three other cells.  (Id.)  He knew Plaintiff was typing and used the "loud radio" as an
18  excuse. (Id. at 11.)  The volume on the offending radio was never lowered.  (Id.)  The
19  power was kept off for more than six hours.  (Id.)  During that time toilets in affected cells
20  would not flush.  (Id.)

21       From March 28 to April 5, 2010, Plaintiff's cell was searched by "nonregular third
22  watch" individuals.  (Compl. at 12.)   On April 5, 2010, Defendants Perez and Ramirez
23  searched Plaintiff's cell, even though it had been searched the previous week.  (Id.)  When
24  Plaintiff alerted Defendants Tapia and White, they just slightly nodded their heads while
25  smirking.  (Id.)

26       Plaintiff sent copies of his 602 with his first level response to Special Agents
27  Wells and J. Negrete. (Compl. at 13.)  J. Negrete returned Plaintiff's 602.  (Id.)

28

1  **III.   ANALYSIS**

2      **A.      1983 Claims**

3          Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

4  or immunities secured by the Constitution and laws' of the United States." Wilder v.

5  Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983

6  is not itself a source of substantive rights, but merely provides a method for vindicating

7  federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

8          To state a claim under Section 1983, a plaintiff must allege two essential elements:

9  (1) that a right secured by the Constitution or laws of the United States was violated, and

10  (2) that the alleged violation was committed by a person acting under the color of state law.

11  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

12  1245 (9th Cir. 1987).

13      **B.      First Amendment - Retaliation**

14          Plaintiff alleges that Defendants Tapia, White, Perez, and Ramirez violated his First

15  Amendment rights because they turned the power off in his cell, told him through a third

16  party to not pursue his 602 appeal, and conducted an unnecessary cell search.

17          "Within the prison context, a viable claim of First Amendment retaliation entails five

18  basic elements: (1) An assertion that a state actor took some adverse action against an

19  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

20  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

21  advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

22  Cir. 2005).

23          Unnecessarily turning off electricity to a cell and conducting unnecessary cell

24  searches constitute adverse actions.

25          The second element of a prisoner retaliation claim focuses on causation and motive.

26  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his

27  protected conduct was a "'substantial' or 'motivating' factor behind the defendant's

28  conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.

1  1989).  Although it can be difficult to establish the motive or intent of the defendant, a
2  plaintiff may rely on circumstantial evidence.  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir.
3  2003) (finding that a prisoner established a triable issue of fact regarding prison officials'
4  retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines
5  v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th
6  Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory
7  intent").

8      Plaintiff's pleading suggests that Defendants were retaliating against him when they
9  cut the electricity to his cell, conducted at least one unnecessary cell search, and had a
10  third party tell him not to pursue his grievance.  However, these claims appear to rest on
11  nothing more than suspicion on the part of Plaintiff.  The facts alleged do not support the
12  suspicion.  Indeed, they  seem so attenuated as not likely to be related.  .  Plaintiff has not
13  adequately linked Defendants to the actions nor the actions to his alleged protected
14  conduct.  In he chooses to amend,  Plaintiff should address these deficiencies and focus
15  facts on revealing  the link, if any, between Defendants' adverse actions and his grievance,
16  (rather that the facts giving rise to the grievance itself).

17      Filing a grievance is protected action under the First Amendment.  Valandingham
18  v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  Pursuing a civil rights legal action is
19  also protected under the First Amendment.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
20  1985).  Plaintiff has alleged that he filed a grievance, which is protected conduct under the
21  First Amendment.

22      With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape
23  liability for a First Amendment violation merely because an unusually determined plaintiff
24  persists in his protected activity...."  Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d
25  1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts
26  would chill or silence a person of ordinary firmness from future First Amendment activities.
27  Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).  Plaintiff has
28  not satisfied this element because the actions he has alleged are not of a sort which would

1  be expected to chill a person of ordinary firmness from future First Amendment activities.

2  It appears that the loss of electricity only lasted six hours, cell searches are a normal part

3  of everyday prison life, and that Defendants did not approach him regarding his grievance.

4        With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison

5  authorities' retaliatory action did not advance legitimate goals of the correctional institution

6  or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

7  Plaintiff's facts describe conduct more likely to be  consistent with a legitimate penological

8  purpose t han an illegitimate one.

9        Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his

10  retaliation claim, the Court finds that he has failed to state a claim upon which relief could

11  be granted.  Plaintiff will be given leave to amend this claim.  To state a claim he must

12  allege facts necessary to satisfy all five prongs.[1]

13  **IV.**  **CONCLUSION AND RECOMMENDATION**

14        Plaintiff's Complaint fails to state a claim upon which relief may be granted under

15  § 1983.   The Court will provide Plaintiff with the opportunity to amend to cure the

16  deficiencies in his claim.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-

17  49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated

18  claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

19  "buckshot" complaints).

20        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

21  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

22  Iqbal, S. Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

23  [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at

24  555 (citations omitted).

25

26

27  [1] The Court notes that Plaintiff has alleged that Defendants listened to Plaintiff's 602 interviews and/or proceedings in his Southern District case.  However, Plaintiff has not alleged any violation arising from this set of facts.  If Plaintiff wishes to allege a claim on Defendants' eavesdropping, in his amended

28  complaint he should clearly state the statutory basis for any such claim.

1        Finally, an amended complaint supercedes the prior complaint, Forsyth v.

2  Humana,SFO Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

3  (9th Cir. 1987), and it must be "complete in itself without reference to the prior or

4  superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an

5  original complaint which are not alleged in an amended complaint are waived."  King, 814

6  F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981));

7  accord Forsyth, 114 F.3d at 1474.

8        Accordingly, it is HEREBY ORDERED that:

9      1.    The Clerk's Office shall send Plaintiff a complaint form;

10     2.    Plaintiff's Complaint, filed December 21, 2011, is dismissed for failure to

11            state a claim upon which relief may be granted under § 1983;

12     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall

13            file an amended complaint; and

14     4.    If Plaintiff fails to file an amended complaint in compliance with this Order,

15            this action will be dismissed, with prejudice, for failure to state a claim.

20  IT IS SO ORDERED.

21  Dated:   May 24, 2012         /s/ *Michael J. Seng*

                                UNITED STATES MAGISTRATE JUDGE

-7-